Submitted on record and briefs January 31, affirmed March 13, 1978

In the Matter of the Marriage of
HANNA, *Appellant,*
*and*
HANNA, *Respondent.*
(No. D77-06-08765, CA 9430)
575 P2d 1024

Amy Levinson, Portland, filed the brief for appellant.

Dick Baldwin, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The only issue presented in this case is the proper distribution of certain monies between wife and husband upon the annulment of their marriage.

Wife and husband were married in Reno, Nevada, September 19, 1976 after a four-day acquaintance. He represented before the marriage that he had no criminal record and had no debts. Four days after the marriage he was arrested and the parties have been separated since that time.

Total assets of wife consisted of a house, encumbered in the amount of $2,771. Husband had approximately $20,000 in cash. Husband spent a considerable amount of this money during the brief time the parties were married including approximately $3,000 he gave to wife. Wife used this money to pay off the $2,771 encumbrance on the home.

The court granted the annulment and stated at the hearing:

"The real property will belong to her subject to a judgment lien in the sum of $2,771 in his favor.

"However, he will not be entitled to receive that sum but will pay from it *before disbursements personally to him* of any execution the sum of $400 on account of attorney's fees to Mr. Dillon and $120 on account of costs to Multnomah County.

"This lien will be due September 1, 1978, and will not bear interest." (Emphasis supplied.)

Wife assigns as errors the award to husband of $2,771, the award of attorney fees and costs, and the requirement making the lien payable within one year.

■ The parties did not jointly accumulate any property but husband did transfer some of his own property to wife. In view of the circumstances of the very brief time husband and wife lived together, the court was correct in restoring to husband the $2,771.

The question of attorney fees and costs raised by wife need not be considered. The court held that

[ 215 ]

husband is entitled to the $2,771 but that the attorney fees and costs are to be paid from this sum before disbursement to him. We find this to be dispositive.

■ We now consider the assignment of error of the order requiring payment of the lien by September 1, 1978. We find this a reasonable time as wife had the house for sale at the time the petition for annulment was filed and an order was issued restraining wife from selling the property. We assume wife can now place the home on the market again and make an arms-length sale which will protect her interest in the property.

■ We conclude that neither party should benefit unduly nor suffer any great detriment as the result of an unfortunate and temporary relationship of this sort. Where possible, each party should be placed in as nearly the same position as if the marriage had not occurred.

Affirmed. Costs to respondent.